Ge Qu, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com
*Attorney for Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT NEW JERSEY**

--------------------------------------------------------X

CHUN XIN ZHANG,
individually
and on behalf of all others similarly situated,

                       Plaintiffs,            Case No.:

               -against-             **COLLECTIVE ACTION**
                                         **COMPLAINT**

VIP KITCHEN LLC doing business as
VIP RESTAURANT, and
RONG BIN ZHENG,

                    Defendants.

--------------------------------------------------------X

     Plaintiff, CHUN XIN ZHANG, by and through his undersigned attorneys, brings this complaint against the Defendants VIP KITCHEN LLC doing business as VIP Restaurant and Rong Bin Zheng allege as follows:

**INTRODUCTION**

     1.    This action is brought by Plaintiff, on behalf of himself as well as all other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 et seq., and of the New Jersey State Wage and Hour Law, NJSA§34:11-56 *et seq*. ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

1

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) reimbursement for expenses relating to tools of trade, (4) liquidated damages equal to the sum of unpaid minimum and overtime, (5) prejudgment interest, (6) post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.       This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      From in or around September 2014 to on or around October 2018, Plaintiff Chun Xin Zhang was employed as a delivery person in Defendants' restaurant located at 202B Main St, Lakewood, NJ 08701.

8.      Plaintiff's daily duties include foods delivery and other side work including peeling prawns ang organizing inventory.

## **DEFENDANTS**

### *Corporate Defendant*

9.      Defendant VIP KITCHEN LLC trading as VIP Restaurant (hereinafter "VIP Restaurant") is a corporation incorporated under the laws of New Jersey and has its registered office at 202B Main St, Lakewood, NJ 08701.

10.     Upon information and belief, Corporate Defendant has about 7 employees.

11.     Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.     Upon information and belief, Corporate Defendant purchased, and handled goods moved in interstate commerce. For instance, Corporate Defendant has employees who handled and worked on goods moved in commerce such as flour and food supplies.

13.     At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

### *Owner/ Operator Defendants*

14.     Upon information and belief, Defendant Rong Bin Zheng is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

3

15.    Upon information and belief, Defendant Rong Bin Zheng determined the wages and compensation of the employees of Defendants, including Chun Xin Zhang, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

16.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 8Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

18.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

19.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

20.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

21.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

21.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

22.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

22.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

23.     Defendants knew that the nonpayment of minimum wage and overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

24.     From in or around September 2014 to on or around October 2018, Plaintiff Chun Xin Zhang was employed as a delivery person in Defendants' restaurant located at 202B Main St, Lakewood, NJ 08701.

25.     Plaintiff Zhang's job duties includes delivering food items to Defendants' customers and performing other side work including peeling prawns and organizing the inventories.

26.     Plaintiff Zhang usually started his day by peeling prawns.  He would proceed to make deliveries when orders come in but would continued to peel prawns after coming back. Generally, Plaintiff was required to peel five to six pounds of prawns for at least two hours every day.

27.     Upon information and belief, Defendant Rong Bin Zheng, known as "Boss" to Plaintiff, is the owner/member of VIP KITCHEN LLC trading as VIP Restaurant and maintains active operational control over VIP KITCHEN LLC trading as VIP Restaurant, including but not limited to hiring and firing employees, supervising and controlling the employees, setting their

work schedule, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records.

28.    Defendant Rong Bin Zheng interviewed Plaintiff Chun Xin Zhang.

29.    Defendant Rong Bin Zheng controlled and determined the work schedule of Plaintiff Chun Xin Zhang.

30.    Defendant Rong Bin Zheng determined the rates of compensation of Plaintiff Chun Xin Zhang and methods of payment.

31.    Defendant Rong Bin Zheng handled wage payments to Plaintiff Chun Xin Zhang and maintained his employment records.

32.    Defendant Rong Bin Zheng fired Plaintiff Chun Xin Zhang on around October 2018.

33.    Plaintiff worked six days per week. From approximately September 2014 to in or around December 31, 2017, Plaintiff Chun Xin Zhang worked six days per week with Wednesday off. From approximately January 2018 to October 2018, Plaintiff Chun Xin Zhang worked six days per week with Monday off. On Sunday, Monday, Tuesday and Thursday, he worked from 11:00 am to around 11:00 pm each day. On Friday and Saturday, Plaintiff Chun Xin Zhang worked from 11:00 am to 12:00 am next day.  Plaintiff was allowed to take two meal breaks during each shift when he could catch a break between making deliveries. Each break lasts about 5 to 10 minutes. Plaintiff Chun Xin Zhang therefore worked seventy-four (74) hours per week.

34.    From Plaintiff Zhang's employment with Defendants in September 2014 to in or around December 2015, Plaintiff was paid at a fixed rate of $1,600 per month regardless the number of hours he actually worked each week. From January 2016 to in or around December 2017, Plaintiff was paid at a fixed rate of $1,700 per month regardless the number of hours he

actually worked each week. From January 2018 to in or around October 2018, Plaintiff was paid at a fixed rate of $1,800 per month regardless the number of hours he actually worked each week.

35.    Throughout his employment with Defendants, Plaintiff Zhang was not compensated at the applicable minimum wage rate for all hours worked each workweek according to state and federal laws.

36.    Throughout his employment with Defendants, Plaintiff Zhang was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws as he did not receive the time and half of his regular rate for all hours worked in excess of 40 hours in any given week.

37.    Throughout his employment with Defendants, Plaintiff Zhang was required to maintain and use a personal car to make deliveries for the benefit of Defendants. Defendants took every order within eight (8) miles of the restaurant and Plaintiff Zhang delivered about twenty (20) to forty (40) orders per day and drove for about one hundred and thirty (130) to one hundred and seventy (170) miles in average per day. Plaintiff regularly refueled the vehicle every other day. Plaintiff Zhang paid for repair and maintenance from his own pockets. Specifically, Plaintiff Zhang spent on average $500 for gas per month, and $500 for tires changing every eight (8) to nine (9) months.

38.    At all relevant times, Defendants maintained a policy and practice of refusing to reimburse Plaintiff Zhang for expenses incurred in relation to tools of the trade used to deliver foods to Defendants' customers.

39.    Throughout his employment with Defendants, Plaintiff Zhang was not overtime-exempt under federal and state laws.

40.    Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff Zhang's hours and wages.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of Plaintiff and the FLSA Collective]

41.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

43.    At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

44.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

45.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

46.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the collective action members, for some or all of the hours they worked.

47.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

48.     Defendants knowingly and willfully disregarded the provisions of he FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff Zhang and Collective Action members.

## COUNT II.
### [Violation of New Jersey Wage and Hour Law—Failure to Pay Wages]

49.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50.     Under the New Jersey Wage Laws, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

51.     Defendants violated the New Jersey Wage Laws by not paying Plaintiff Chun Xin Zhang for all hours he worked in a workweek.

52.     Defendants' conduct in failing to pay Plaintiff Chun Xin Zhang properly was willful and was not based upon any reasonable interpretation of the law.

53.     As a result of Defendants' unlawful conduct, Plaintiff Chun Xin Zhang has suffered damages as set forth herein.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]

54.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

56.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

57.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

58.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

59.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

60.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff and FLSA Collectives' labor.

61.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New Jersey Wage and Hour Law—Overtime Pay
Brought on behalf of Plaintiff]

62.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at time and one half times the regular rate the Plaintiff in violation of New Jersey Wage and Hour Law.

64.    Defendants' failure to pay Plaintiff was not in good faith.

65.    By failing to pay Plaintiff and the class, the Plaintiff is entitled to recover from Defendants his full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a et seq.

## COUNT V.
### [Violation of New Jersey Wage and Hour Law-Failure to Pay Minimum Wage
Brought on behalf of Plaintiff]

66.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.    At all relevant times, Plaintiff was employed by Defendants within the meaning of NJWHL.

68.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for some or all of the hours he worked.

69.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for all or some of the hours worked.

12

70.     By failing to pay Plaintiff, he is entitled to recover from Defendants his full unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56 et seq.

## COUNT VI.
## [Violation of Fair Labor Standard Act —Failure to Reimburse for Expenses relating to Tools of the Trade]

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     Defendants required Plaintiff to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, further reducing his wages in violation of the FLSA, 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

73.     At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used to make deliveries for Defendants.

74.     Defendants knowingly and willfully violated Plaintiff's rights by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      Award Plaintiff unpaid wages, minimum wages and unpaid overtime due under the FLSA and the NJWHL plus compensatory and liquidated damages;

g)      Award Plaintiff reimbursement of tools of trade under FLSA;

h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i)      The cost and disbursements of this action;

14

j)      An award of prejudgment and post-judgment fees; and

k)      Such other and further legal and equitable relief as this Court deems necessary, just, and

proper.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated: Flushing, New York
April 15, 2019

Respectfully Submitted,

HANG & ASSOCIATES, PLLC


By:      s/ *Ge Qu*
Ge Qu, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com
*Attorneys for Plaintiff(s*

Exhibit 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by VIP Kitchen LLC d/b/a VIP Restaurant, Rong Bin Zheng and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*ZHANG chun Xiv*

Full Legal Name (Print)

*ZHANG chu Xiv*

Signature

*1/3/2019*

Date